Filed 11/25/25  P. v. Reid CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101432 |
| Plaintiff and Respondent, | (Super. Ct. No. 22FE007473) |
| v. | |
| CRAIG LAMAR REID, | |
| Defendant and Appellant. | |

Defendant Craig Lamar Reid pled no contest to criminal threats.  On appeal, Reid contends the trial court abused its discretion because (1) the court did not apply the correct legal standard when it denied his application for mental health diversion and (2) insufficient evidence supports the trial court's finding Reid posed an unreasonable risk to public safety.  We will affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2019, Reid was convicted of willful infliction of corporal injury (Pen. Code, § 273.5, subd. (a))[1] and negligent discharge of a firearm (§ 246.3). During the 2019 incident, Reid came to the home of his on-and-off-again girlfriend C.D.,[2] and said, "Bitch get up, I caught you," before slamming her head into a wall, punching and kicking her until she lost consciousness, and firing a gun in her vicinity.

In 2022, while on parole for the 2019 case, Reid contacted C.D. in violation of a criminal protective order listing C.D. as the protected party. Reid sent C.D. numerous messages in which he threatened to kill her. One message said that he would "blow her brains out" and another showed a photo of what appeared to be a handgun resting in his lap. Upon seeing the messages, C.D. called 911 and the police arrested Reid at his home.

The People charged Reid with criminal threats (§ 422) and alleged three prior strike offenses (§§ 667, subd. (e)(2), 1170.12, subd. (c)(2)).

In November 2023, Reid filed an application for mental health diversion (§ 1001.36). To support his claim, he submitted an assessment from behavioral health services. The assessment stated Reid suffered from major depressive disorder with anxiety, posttraumatic stress disorder, cocaine use disorder, alcohol use disorder, and cannabis use disorder. The assessment described that during childhood Reid witnessed his mother suffer from domestic and drug abuse; experienced physical and emotional abuse from his stepfather; was sexually molested by a counselor in a group home; and was shot in the eye at age 17, which left him blind in one eye. Reid suffered from hypervigilance due to past violent experiences while in prison, including being stabbed in 2008. Reid was also homeless for five years and involved in a gun fight in 2019. Reid

---

[1]     Further undesignated statutory references are to the Penal Code.

[2]     To protect her privacy, we refer to the victim by her initials. (Cal. Rules of Court, rule 8.90(b)(4), (10).)

admitted to using cocaine, methamphetamine, and alcohol and had previously participated in a substance abuse program.

The assessment indicated that Reid met the criteria for specialty mental health services and indicated Reid agreed to participate in outpatient or residential treatment. The assessment concluded Reid had "[n]o recent history of elevated risk factors, yet [did] have a history of suicide attempts, violence, or threats." It further concluded Reid was "at risk of further incarceration without mental health services."

The trial court read and considered information submitted by the parties and held a mental health diversion hearing. Defense counsel asserted the underlying charges for criminal threats were made via text message and were more akin to Reid "just mouthing off." Counsel also argued that the gun in the picture Reid sent to C.D. was only a pellet gun, that Reid never acted on his threats, and with medication and treatment Reid would learn to control his words.

The People asserted Reid was not suitable for diversion because he previously beat the victim, shot a handgun near her, and then sent her messages showing her a gun and threatening to kill her soon after being released from prison, which demonstrated an unreasonable risk to public safety. The People claimed Reid had been in prison for most of his life and had the opportunity to participate in mental health treatment. The People further argued against diversion by asserting Reid was in an outpatient program to address his substance use in 2022 at the time he made the criminal threats.

The trial court recited the facts of the 2019 and 2022 incidents involving Reid and the victim and considered Reid's criminal history, including his prior strike convictions. The court noted Reid was on parole when he made the threats and had some ability to receive treatment prior to the 2022 incident. It found it "very concerning" that Reid's past criminal conduct involved shooting a gun. The trial court denied diversion, finding Reid was not suitable because he presented an unreasonable risk to public safety if granted mental health diversion. The trial court found: "[Reid is] 52 years old. I've

3

gone through his criminal history, and I believe he poses an unreasonable risk to commit a super strike, particularly a homicide, given the robbery and domestic violence convictions[,] . . . the firing of the gun . . . in 2019, and the threats to kill in this case."

In May 2024, the People filed an amended information, which further alleged an aggravating factor (Cal. Rules of Court, rule 4.421(b)(2)) and a serious felony five-year sentencing enhancement (§ 667, subd. (a)). Reid pled no contest to criminal threats and admitted one prior strike conviction, the prior serious felony enhancement, and the aggravating factor. The court imposed an 11-year prison sentence.

Reid timely appealed, and the trial court granted his request for a certificate of probable cause.

## DISCUSSION

### I

### Applicable Law

Reid argues substantial evidence does not support the trial court's finding he was not suitable for mental health diversion and the court did not apply the correct legal standard because it did not consider the primary purpose of mental health diversion. The People argue the trial court did not abuse its discretion in finding Reid was not suitable for mental health diversion. We conclude Reid has not met his burden to demonstrate an abuse of discretion.

Section 1001.36 "authorizes pretrial mental health diversion for defendants with qualifying mental health disorders." (*People v. Whitmill* (2022) 86 Cal.App.5th 1138, 1147.) The purpose of mental health diversion is to "mitigate the individuals' entry and reentry into the criminal justice system while protecting public safety," allow "local discretion and flexibility for counties in the development and implementation of diversion for individuals with mental disorders," and "meet[] the unique mental health treatment and support needs of individuals with mental disorders." (§ 1001.35, subds. (a), (b), (c).)

Section 1001.36 prescribes a two-step analysis. (§ 1001.36, subds. (b), (c).) First, the trial court considers whether the defendant is eligible for mental health diversion. (*Id.*, subd. (b).) The trial court must find eligibility if (1) the defendant has been diagnosed with a qualifying mental disorder within the last five years by a qualified mental health expert, and (2) the defendant's mental disorder was a significant factor in the commission of the charged offense. (*Ibid.*) "If the defendant has been diagnosed with a mental disorder, the court shall find that the defendant's mental disorder was a significant factor in the commission of the offense unless there is clear and convincing evidence that it was not a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense." (*Id.*, subd. (b)(2).)

Second, if a defendant meets the eligibility requirements, the court also must find that the defendant is suitable for pretrial diversion based on satisfaction of the following criteria: "(1) In the opinion of a qualified mental health expert, the defendant's symptoms of the mental disorder causing, contributing to, or motivating the criminal behavior would respond to mental health treatment. [¶] (2) The defendant consents to diversion and waives the defendant's right to a speedy trial . . . . [¶] (3) The defendant agrees to comply with treatment as a condition of diversion . . . . [¶] [and] (4) The defendant will not pose an unreasonable risk of danger to public safety, as defined in Section 1170.18, if treated in the community." (§ 1001.36, subd. (c)(1)-(4).)

Under section 1170.18, an unreasonable danger to public safety is an unreasonable risk that the petitioner will commit a "super strike," which includes any homicide or attempted homicide offense, any serious or violent felony punishable by life imprisonment or death, and sexually violent offenses. (§§ 1170.18, subd. (c), 667, subd. (e)(2)(C)(iv).)

We review a trial court's ruling on a petition for mental health diversion for abuse of discretion. (*People v. Whitmill, supra*, 86 Cal.App.5th at p. 1147; *People v. Moine* (2021) 62 Cal.App.5th 440, 448-449.) We review the trial court's factual findings as to

5

the enumerated statutory criteria for substantial evidence. (*People v. Gerson* (2022) 80 Cal.App.5th 1067, 1079.) "A court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard [citations], or bases its decision on express or implied factual findings that are not supported by substantial evidence." (*Moine*, at p. 449.) Under this deferential standard of review, " 'we must view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' " (*Gerson*, at p. 1079.)

## II

## Eligibility for Mental Health Diversion

As an initial matter, Reid devotes a good portion of his brief to the argument that the trial court abused its discretion when it issued its ruling without addressing whether or not Reid was *eligible* for mental health diversion. Indeed, the reporter's transcript is silent on Reid's eligibility, but the record is not. As detailed above, the court was in receipt of Reid's application for mental health diversion, which included an assessment from a qualified mental health professional. The assessment included diagnoses which arguably make Reid eligible for mental health diversion. We do not construe the trial court's silence regarding the section 1001.36, subdivision (b) eligibility factors as an indication it somehow deemed Reid ineligible. On this record, we presume the court to have properly followed the applicable law. (*People v. Bradford* (2010) 187 Cal.App.4th 1345, 1355.) We thus conclude the trial court implicitly determined Reid eligible for pretrial diversion and Reid fails to convince us that the trial court's failure to articulate such was error.

## III

## Suitability for Mental Health Diversion

Reid next argues that substantial evidence does not support the trial court's finding Reid posed an unreasonable risk to public safety if treated in the community. We

6

disagree.  The court made its decision to deny mental health diversion "based on the information presented," which included Reid's application for diversion and the assessment from behavioral health services.  It based its finding on Reid's criminal history, which included two robbery convictions, a domestic violence conviction, and the underlying charges.  "[T]here is nothing in section 1001.36, with respect to either eligibility or suitability, that preclude[d] [the] trial court from relying primarily, or even entirely, on the circumstances of the charged offense or offenses in denying a motion for diversion."  (*People v. Bunas* (2022) 79 Cal.App.5th 840, 862.)  In fact, the statute permits the trial court to consider "the defendant's violence and criminal history, the current charged offense, and any other factors that the court deems appropriate."  (§ 1001.36, subd. (c)(4).)  It was thus reasonable for the trial court to find Reid posed an unreasonable risk to commit homicide because there was evidence Reid violently attacked and fired a gun in the vicinity of the victim, his on-and-off-again girlfriend, in 2019 and then threatened to kill the same victim with a gun within five months of being released on parole in 2022.  (*People v. Kerley* (2018) 23 Cal.App.5th 513, 535 [repeated instances of domestic violence " 'usually escalate[] in frequency and severity' "]; accord, *United States v. Castleman* (2014) 572 U.S. 157, 160 ["[d]omestic violence often escalates in severity over time"].)  Homicide is " 'the ultimate form of domestic violence.' "  (*People v. Brown* (2011) 192 Cal.App.4th 1222, 1225 [admitting acts of past domestic violence as propensity evidence under Evid. Code, § 1109].)

Nor are we persuaded by Reid's citations to *Moine* and *Sarmiento v. Superior Court* (2024) 98 Cal.App.5th 882 in support of his contention that insufficient evidence supports the trial court's finding that he was not suitable for mental health diversion.  In *Moine*, the defendant threatened two different medical care providers that he would shoot and kill them.  (*People v. Moine, supra*, 62 Cal.App.5th at pp. 444-445.)  However, after making the threats he immediately and profusely apologized.  (*Id*. at p. 445.)  The court in *Moine* concluded the trial court abused its discretion because "there [was] nothing in

7

the record to indicate the prosecution presented evidence to suggest [the defendant] was likely to commit such an offense in the future, and the circumstances of the pending charges did not support such an inference." (*Id.* at pp. 450-451.)

In *Sarmiento*, the defendant was charged with attempted robbery. The trial court found the defendant posed an unreasonable risk to public safety on the grounds the defendant had not previously remained drug-free after receiving treatment and that the defendant would not respond well to mental health treatment. (*Sarmiento v. Superior Court, supra,* 98 Cal.App.5th at p. 890.) The appellate court concluded substantial evidence did not support the trial court's finding. (*Id.* at pp. 897-898.)

As detailed above, the facts of this case are quite different from the facts in *Moine* and *Sarmiento*. Although Reid minimizes the conduct in this case and concludes it fails to establish risk, we find substantial evidence supports the trial court's finding that Reid was not suitable for mental health diversion and, where substantial evidence supports the findings of the fact finder, " 'reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding.' " (*People v. Westerfield* (2019) 6 Cal.5th 632, 713.)

Lastly, we reject Reid's assertion the trial court did not consider the primary purpose of mental health diversion in determining Reid's suitability. Other than disagreeing with the trial court's determination, Reid points to nothing that demonstrates that the trial court failed to follow the law. Absent a contrary showing, "the trial court is presumed to have known and followed the applicable law and to have properly exercised its discretion." (*People v. Bradford, supra*, 187 Cal.App.4th at p. 1355.)

On this record, Reid has not met his burden to demonstrate an abuse of discretion.

## DISPOSITION

The judgment is affirmed.

_____/s/_____
EARL, P. J.

We concur:

_____/s/_____
RENNER, J.

_____/s/_____
FEINBERG, J.

9